IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY D. WEBB, Petitioner, | ) | CASE NO. 1:11CV2658 |
| v. | ) | JUDGE JOHN R. ADAMS |
| SCOTT HOUK, Warden, Respondent. | ) | MAGISTRATE JUDGE KATHLEEN B. BURKE |
| | ) | **REPORT AND RECOMMENDATION** |

Petitioner, Anthony D. Webb ("Petitioner" or "Webb"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 8, 2011. Doc. 1. Webb challenges the constitutionality of his conviction and sentence in *State v. Webb*, Case No. 07CR327 (Richland Cty. 2007). This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. Respondent has filed a motion to dismiss Webb's habeas petition as time-barred. Doc. 8. As explained below, Webb's petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1). Accordingly, the undersigned recommends that Respondent's motion to dismiss should be GRANTED and Webb's petition for writ of habeas corpus should be DENIED.

## I. Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. The petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2878 (2009). The Ohio Fifth District Court of Appeals summarized the facts underlying Webb's conviction as follows:

> **[*P3]** On March 22, 2006, the State alleges Appellant and his brother, Christopher Webb, were outside a residence at 204 South Franklin Street, Mansfield, in a gray Chevrolet Caprice. The vehicle turned left on Flint Street, and seconds later, shots were fired. Travis Harris, who was standing in front of the residence, died as a result of a .22 caliber bullet piercing his pulmonary artery and right bronchus, causing his lungs to fill with blood.
>
> **[*P4]** As a result of the incident, Appellant was charged with one count of aiding and abetting aggravated murder, with a gun specification. Following a jury trial, Appellant was found not guilty of aiding and abetting aggravated murder, but guilty of aiding and abetting murder and not guilty of a gun specification. The trial court sentenced Appellant accordingly.

Doc. 8, Exhibit 6, pp. 1-2.

## II. Procedural Background

### A. State Conviction

On April 5, 2007, the Richland County Grand Jury indicted Webb on one count of Aiding and Abetting Aggravated Murder in violation of Ohio Rev. Code § 2903.01(A), with a firearm specification, for the shooting death of Travis Harris. Doc. 8, Exhibit 1. Webb, through counsel, entered a plea of not guilty to the indictment. On April 27, 2007, the case proceeded to trial. At the conclusion of the trial, the jury found Webb not guilty of aiding and abetting aggravated murder, but guilty of the lesser included offense of aiding and abetting murder under Ohio Rev. Code § 2903.02(A). Doc. 8, Exhibit 4, p. 3; Exhibit5, p. 9. The jury also found Webb not guilty on the firearm specification. *Id.* On May 3, 2007, the trial court sentenced Webb to 15 years to life in prison. Doc. 8, Exhibit 2.

### B. Direct Appeal

On June 1, 2007, Webb, through new counsel, timely appealed to the Fifth District Court of Appeals, Richland County, Ohio. Doc. 8, Exhibit 3. In his brief, Webb raised the following two assignments of error:

1. The Defendant was denied the effective assistance of counsel to which he is entitled under the *Sixth* and *Fourteenth Amendments to the United States Constitution*.

2. The Court erred in admitting Exhibits 23 and 25 into evidence.

Doc. 8, Exhibit 4. On October 19, 2007, the State filed a brief in response. Doc. 8, Exhibit 5. On March 3, 2008, the court of appeals overruled both assignments of error and affirmed Webb's conviction. Doc. 8, Exhibit 6. Webb did not file a timely appeal to the Ohio Supreme Court.

**C. Delayed Direct Appeal to the Ohio Supreme Court**

On June 13, 2008, Webb, pro se, filed a notice of appeal and motion to file delayed appeal with the Ohio Supreme Court. Doc. 8, Exhibits 7-8. On August 6, 2008, the Ohio Supreme Court denied Webb's motion to file delayed appeal and dismissed the case. Doc. 8, Exhibit 9.

**D. Petition to Vacate or Set Aside Judgment of Conviction or Sentence**

Over a year and a half later, on March 15, 2010, Webb, pro se, filed a petition to vacate or set aside judgment of conviction or sentence with the trial court. Doc. 8, Exhibit 10. In his petition, Webb argued that his trial counsel was ineffective for failing to call Terreance Bluester as a witness at trial. *Id.* The State opposed the petition on April 9, 2010. Doc. 8, Exhibit 11. On May 4, 2010, the trial court denied Webb's petition to vacate or set aside judgment of conviction or sentence, finding, *inter alia*, that Webb's claim was barred by res judicata. Doc. 8, Exhibit 12.

On May 27, 2010, Webb, pro se, filed a timely notice of appeal in the Fifth District Court of Appeals. Doc. 7, Exhibit 26. In his brief, Webb presented two assignments of error:

1. The Defendant was denied the effective assistance of counsel to which he is entitled under the Sixth and Fourteenth Amendments to the United States Constitution.

2. The trial court abused their [sic] discretion when they [sic] overruled the Appellant's petition to vacate or set aside judgment of conviction or sentence.

Doc. 8, Exhibit 14. On July 15, 2010, the State filed a brief in response. Doc. 8, Exhibit 15. On July 23, 2010, Webb filed a supplemental brief. Doc. 8, Exhibit 16. On November 8, 2010, the court of appeals affirmed the judgment of the trial court. Doc. 8, Exhibit 17.

On December 14, 2010, Webb, pro se, filed a timely notice of appeal to the Ohio Supreme Court. Doc. 8, Exhibit 18. In his memorandum in support of jurisdiction, Webb asserted the following two propositions of law:

1. Appellant was denied effective assistance of counsel to which he is guaranteed by the Sixth and Fourteenth Amendments.

2. The trial court abused their [sic] discretion when they [sic] overruled Appellant's petition to vacate or set aside judgment of conviction and sentence, in violation of Appellant's Fifth and Fourteenth Amendment of the U.S. Constitution.

Doc. 8, Exhibit 19. On March 16, 2011, the Ohio Supreme Court declined to exercise jurisdiction and dismissed the appeal as not involving any substantial constitutional question. Doc. 8, Exhibit 20.

**E. Rule 26(B) Motion for Delayed Reopening of Direct Appeal**

Meanwhile, on February 17, 2011, Webb, *pro se*, filed a motion for delayed reopening of direct appeal pursuant to Ohio Appellate Rule 26(B). Doc. 10, Exhibit 21. In his brief, Webb alleged that his appellate counsel was ineffective for the following reasons:

1. Appellate counsel was ineffective due to failing to raise a viable issue of ineffective assistance of trial counsel due to uncalled witnesses which could have made the outcome of trial different.

2. The verdict was not sustained by sufficient evidence and is contrary to law and evidence that was presented.

3. Ineffective assistance of appellate counsel for failing to raise a viable issue of abuse of trial court discretion by instructing the jury on lesser included offense after defense counsel objected.

Doc. 8, Exhibit 21. On March 2, 2011, the State filed a response in opposition. Doc. 8, Exhibit 22. On March 10, 2011, Webb filed a supplemental response to the State's response in opposition. Doc. 8, Exhibit 23. On March 24, 2011, the court of appeals found that Webb failed to demonstrate good cause for the untimely filing of his Rule 26(B) motion for delayed reopening of his direct appeal and denied the motion. Doc. 8, Exhibit 24.

On April 26, 2011, Webb, pro se, filed a timely notice of appeal to Ohio Supreme Court. Doc. 8, Exhibit 25. In his memorandum in support of jurisdiction, Webb asserted the following three propositions of law:

1. Appellant counsel was ineffective due to failing to raise a viable issue of ineffective assistance of trial counsel due to uncalled witness.

2. Appellate counsel was ineffective for failing to raise insufficient evidence.

3. Appellate counsel was ineffective for failing to raise abuse of trial court discretion for instructing jury on lesser included offense after defense counsel objected.

Doc. 8, Exhibit 26. The State filed a memorandum opposing jurisdiction on May 18, 2011. Doc. 8, Exhibit 27. On July 6, 2011, the Ohio Supreme Court declined to exercise jurisdiction and dismissed the appeal. Doc. 8, Exhibit 28.

## F. Federal Habeas Corpus

On December 8, 2011, Webb, pro se, filed his petition for writ of habeas corpus. Doc. 1. In his petition, Webb sets forth the following two grounds for relief:

**Ground One**: Ineffective assistance of trial counsel in violation of the Sixth and Fourteenth Amendments.

> **Supporting Facts**: Terrance Bluester made false statements to detectives, then refused to testify. Two years later he makes an affidavit stating that he and Andre Gray came together to make up false lies about my case.
>
> **Ground Two**: Abuse of trial court discretion.
>
> **Supporting Facts**: Affidavit, which was newly discovered evidence was not properly reviewed.

On May 22, 2012, Respondent filed his motion to dismiss the habeas petition as time-barred. Doc. 8. On June 20, 2012, Webb filed his traverse. Doc. 10.

## III. Law & Analysis

### A. AEDPA Statute of Limitations

Respondent contends that Webb's habeas petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2244, limits the time within which a person in custody pursuant to the judgment of a state court may file a petition for a federal writ of habeas corpus and provides, in relevant part:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003). This statutory tolling provision, however, does not "revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotations omitted).

**B. Webb's Habeas Petition is Barred by the One-Year Statute of Limitations**

**1. Webb's Habeas Petition is Untimely**

As correctly argued by Respondent, the one-year statute of limitations began to run when Webb's conviction became "final," as set forth in § 2244(d)(1)(A).[1] Webb was convicted and sentenced on May 3, 2007. Doc. 8, Exhibit 2, Tr. 3. He appealed the conviction to the state court of appeals, which affirmed the conviction on March 3, 2008. Doc. 8, Exhibit 6, Tr. 53. Webb had 45 days, or until April 17, 2008, to appeal that decision to the Ohio Supreme Court pursuant to Rule 2.2(A)(1)(a) of the Rules of Practice of the Supreme Court of Ohio. S.Ct. Prac. R. 2.2(A)(1)(a). Webb did not file a timely appeal with the Ohio Supreme Court. Thus, Webb's conviction became final on April 17, 2008, when time expired for him to file an appeal with the

[1] Webb does not argue that any other provision in § 2244(d)(1) controls the start of the statute of limitations. In addition, upon review of the record, § 2244(d)(1)(D) is inapplicable because the alleged constitutional violation – ineffective assistance of trial counsel - occurred during Webb's trial and was in fact discoverable in the exercise of due diligence before the conclusion of direct review or expiration of time for seeking such review. Webb essentially argues that his counsel was ineffective for failing to call a favorable witness at trial. Webb knew about the witness at the time of the trial and also knew that the witness refused to testify at trial. Doc. 10. Thus, the factual predicate of this claim was known to Webb at the time of his trial and, accordingly, § 2241(d)(1)(D) is inapplicable. Further, § 2244(d)(1)(B) and § 2244(d)(1)(C) do not apply here because Webb has neither alleged that a state-created impediment prevented him from filing a federal habeas petition nor asserted a constitutional right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Ohio Supreme Court.

Considering the foregoing, the statute of limitations began to run the next day, April 18, 2008, and continued to run until June 1, 2008, a period of 44 days, when Webb filed his motion to file a delayed appeal with the Ohio Supreme Court. Doc. 8, Exhibits 7-8. A properly-filed motion for delayed appeal tolls, but does not restart, the statute of limitations period during its pendency. *See Plaza v. Hudson*, No. 1:07-cv-674, 2008 WL 5273899, 2008 U.S. Dist. Lexis 102083, at *13 (N.D. Ohio 2008) (citing *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001)). As such, the statute of limitations was tolled while Webb's motion for delayed appeal was pending until August 6, 2008, when the Ohio Supreme Court denied the motion to file a delayed appeal and dismissed the appeal. Doc. 8, Exhibit 9. The statute of limitations resumed running on August 7, 2008 and, factoring in the 44 days that had already lapsed, 321 days remained in the limitations period. The statute of limitations therefore expired 321 days later, on June 24, 2009 (44 days before the delayed appeal + 321 after the delayed appeal = 365 days).

After the denial of his motion to file delayed appeal by the Ohio Supreme Court on August 6, 2008, Webb did nothing to challenge his conviction or sentence until March 15, 2010, when he filed his petition to vacate or set aside judgment of conviction or sentence with the trial court. Doc. 8, Exhibit 10. This was 264 days after the expiration the limitations period. Webb also filed a motion for delayed reopening of his direct appeal pursuant to Ohio Appellate Rule 26(B) on February 17, 2011 - 603 days after the expiration of the limitations period. Doc. 8, Exhibit 21. Because the statute of limitations had already expired, these state collateral proceedings could not toll the limitations period. In addition, as explained above, these collateral proceedings, even if properly filed, could not revive or restart the limitations period; they could only serve to pause a clock that had not yet expired. *Vroman*, 346 F.3d at 602; *see also Keeling*

*v. Warden*, No. 09-4284, 2012 WL 447492 (6th Cir. Feb. 23, 2012); *Goodballet v. Mack*, 266 F.Supp.2d 702, 707 (N.D. Ohio 2003) (citing *Thompson v. Chandler*, 36 F. App'x 783, 785 (6th Cir. 2002)). Once the statute of limitations had run, it could not be re-started or re-triggered by any subsequent state court proceedings initiated by Webb. *See Ramos v. Wilson*, No. 1:06-CV-901, 2008 U.S. Dist. LEXIS 48005, at * 11, 2008 WL 2556725, (N.D. Ohio June 23, 2008) ("A post-deadline motion to file a delayed appeal under Ohio R.App. 5(A) has no effect on the '1-year period' of § 2244(d)(1)(A). Once the '1-year period' has run, it cannot be restarted or re-triggered by subsequent state court proceedings."). Webb's habeas petition is therefore untimely because he filed his petition on December 11, 2011, well after the expiration of the one-year statute of limitations.

**2. Webb is Not Entitled to Equitable Tolling of the Statue of Limitations**

The AEDPA's statute of limitations is subject to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst*., 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, ___ U.S.___, 130 S.Ct. 2549, 2560, 177 L.Ed.2d 130 (2010)). Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir.), *cert. denied*, ___U.S.___, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id*. (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)). Equitable tolling is granted sparingly and is evaluated on a case-by-case basis, with the petitioner retaining the

"ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).[2]

In this case, Webb has failed even to argue, much less demonstrate, that he is entitled to equitable tolling. First, he has not shown that he has been diligent in pursuing his rights. Webb filed a delayed appeal to the Ohio Supreme Court, an untimely petition for post-conviction relief,[3] and a motion under Ohio Appellate Rule 26(B) for delayed reopening of his direct appeal. These filings demonstrate that Webb has not acted with the degree of diligence necessary to trigger equitable tolling. Second, Webb has not shown, and there is no evidence in the record to establish, that he was prevented by some extraordinary circumstance from seeking habeas relief in a timely manner. Thus, Webb is not entitled to equitable tolling of the statute of limitations.

## IV. Conclusion and Recommendation

---

[2] Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland's* two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling*, 424 F. App'x 439, 442 n. 1 (6th Cir.), *cert. denied*, ___U.S.___, 132 S.Ct. 456, 181 L.Ed.2d 297 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id*.; *see also Patterson v. Lafler*, ___ F. App'x___, No. 10–1379, 2012 WL 48186, at *2 n. 1 (6th Cir. Jan. 9, 2012).

[3] In Webb's appeal of the denial of his petition to vacate or set aside judgment of conviction or sentence, the court of appeals found that the petition was untimely. Doc. 8, Exhibit 17. The court stated, in relevant part:

> {¶6} Appellant claims the trial court erred in denying his petition to vacate or set aside judgment of conviction or sentence, as he was denied the effective assistance of trial counsel. We disagree.
>
> {¶7} R.C. 2953.21(A)(2) provides that a petition for post-conviction relief 'shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication . . . .'
>
> {¶8} Pursuant to this statute, [A]ppellant's petition had to be filed no later than February 18, 2008. However, [A]ppellant filed his petition on March 15, 2010, over two years late.

Doc. 8, Exhibit 17, p. 3.

For all of the reasons stated above, the undersigned Magistrate Judge concludes that Petitioner Anthony D. Webb's petition for writ of habeas corpus is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d). Accordingly, Respondent's motion to dismiss (Doc. 8) should be GRANTED and Webb's petition should be DISMISSED with prejudice.

Dated: August 2, 2012

Kathleen B. Burke
United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).